Argued March 14; affirmed March 21, 1939

MULTNOMAH COUNTY *v.* LUIHN ET AL.

(88 P. (2d) 308)

In Banc.

*Willis S. Moore*, Assistant Attorney General (I. H. Van Winkle, Attorney General, on the brief), for appellants.

*Frank S. Sever*, Deputy District Attorney, of Portland (James R. Bain, District Attorney, of Portland, on the brief), for respondent.

BEAN, J. This is a suit to declare whether counties of the state of Oregon are required by law to contribute

one-half of the administrative expense of the State Relief Committee incurred in the administration of direct relief.

The State Relief Committee contends that the correct interpretation of these statutes permits the charging to the county of one-half of the county's prorated share of the general administrative expense of the State Relief Committee, while the county contends that the county is only required by statute to pay one-half of the cost of direct relief cases in the county, without taking into account the general operating expense of the State Relief Committee.

The sections of the statute under consideration are set out at length in the plaintiff's complaint. Section 6, chapter 55, Oregon Laws, Special Session, 1935, as amended by section 3, chapter 287, Oregon Laws, 1937, provides as follows:

"The state relief committee shall cooperate with the counties of the state in furnishing relief in such counties. The state relief committee shall pay not less than one-half of the total cost of relief from state funds, and the counties shall pay not more than one-half of the total cost of relief from county funds; provided, however, that the expenditures made by counties for the care of indigent persons in poor farms and county hospitals and for the relief of indigent veterans and their dependents shall be taken into account and offset against the counties' contributions for relief purposes. The state relief committee may supervise expenditures of all such funds for relief purposes in said counties save and except the funds expended for the maintenance and administration of county institutions and except the administration of relief under the provisions of chapter III, title LXVI, Oregon Code 1930, in so far as such supervision may be necessary to effectuate the cooperation provided for herein."

Section 1 defines "relief", as used in the act, as "aid of any character furnished to needy persons and their dependents to the extent of such need and the availability of funds, including the cost of funerals and burial of needy persons."

Chapter 164, Oregon Laws, 1937, makes an appropriation for carrying out the provisions of these various acts and provides for paying the administrative expenses of the State Relief Committee out of this appropriation. Section 4 of this act authorizes the State Relief Committee to expend from the funds provided by the act such sums as are required by law to be expended in the various counties of the state for relief to needy persons and their dependents, for old-age assistance, for assistance to needy blind persons, for assistance to dependent children, for aid and services to crippled children and children who are suffering from conditions which lead to crippling, for carrying out the provisions of law for child welfare services, and for such other purposes as the State Relief Committee shall be authorized by law *"to expend funds, including the administration expenses of said state relief committee."* (Italics ours.)

Section 11 of chapter 55, Oregon Laws, Special Session, 1935, as amended by section 4, chapter 287, Oregon Laws, 1937, provides for the establishment of a public assistance fund by the state and provides that any county paying or contributing its part of the cost of relief under the provisions of the act may issue its voucher for the State Relief Committee *for the aggregate of such cost for all cases within the county* for the month or other period for which payment is to be made. This seems to be all the requirement there is in regard to counties.

The question presented is what the legislative intent was in using the phrase, "total cost of relief", in section 3 of chapter 287, Oregon Laws, 1937. It is to be noticed by the provisions of this section that the expenditures made by the county for the care of indigent persons in poor farms and county hospitals and for the relief of indigent veterans and their dependents shall be taken into account and offset against the counties' contributions for relief purposes.

As claimed by the State Relief Committee, one-half the administration expenses allocated to Multnomah County Relief for the year 1936 were $20,492.45 and for the year 1937, January to July inclusive, $22,168.80, or a total of $42,661.25.

Let us assume that the county expended for the care of indigent persons in poor farms and other county institutions the sum of $50,000 for a certain month. The State Relief Committee has nothing to do with this expenditure, although it is an offset and is deducted from the amount to be paid by the county for relief. The State Relief Committee does not even supervise the expenditure of such funds for the maintenance and administration of county institutions. Assuming the amount of the expense of administration to be 10 per cent of the amount expended for the county institutions, it would amount to $5,000. Surely it could not have been the intent of the legislature to charge and require the counties to pay the proportionate share of expenditures for county institutions. If the legislature had so intended, then, taking the assumed figures as actual, the county would be required to pay one-half of $5,000 for the month twice, which it is not possible to believe was the legislative intent.

In regard to the phrase "total cost of relief" used in section 6 of chapter 55, Oregon Laws, Special Session, 1935, as amended by section 3 of chapter 287, Oregon Laws, 1937, the legislature provided that in making payments to the State Relief Committee, the county shall issue its voucher for the aggregate of such cost for all cases *within the county*, it being the apparent intent of the legislature, therefore, to limit the county's contribution to the cost actually incurred within the county.

The act under consideration is one of several acts passed by the Special Session of 1935 and amended by the Regular Session of 1937, all of which acts together are intended to enact a comprehensive scheme for relief of indigent persons. These acts are the old-age assistance act, the statute under consideration providing for general relief, the statute for aid to dependent children, and for blind assistance. Therefore, in seeking to determine the legislative intent, it is helpful to consider the provisions of these various acts.

It will be noticed that in chapter 288, Laws of 1937, providing for aid to dependent children, the legislature expressly excluded from the computation of the amounts to be used in determining the county's share of the cost of such assistance, the administrative expense of the State Relief Committee, such exclusion being made in section 11 of that chapter. This section provides that exclusive of all sums of money contributed by the government of the United States for aid to dependent children and for the expenses of the administration of this act, the state of Oregon shall contribute one-half, and the several counties of the state shall contribute one-half of all sums required to be expended for such purposes *in and for such respective*

*counties.* This section further requires each county to levy and collect a tax each year upon all of the taxable property in said county sufficient in amount to defray the estimated cost of the contribution of such county for such purposes for the ensuing year.

Section 11 of chapter 55, Laws of Oregon, Special Session, 1935, provides in part:

"All claims, bills and demands incurred in carrying out the provisions of this act shall be presented to the state relief committee, and upon audit and approval by said state relief committee, shall be paid as are other claims against the state."

This provision in regard to expenses was omitted in the amendment of section 11, chapter 55, Oregon Laws, Special Session, 1935, by section 4, chapter 287, Oregon Laws, 1937. The subject was not touched upon in that section and was evidently overlooked.

House Bill No. 419, passed by the legislature at the 1939 session, created the State Public Welfare Commission in place of the State Relief Committee and the County Public Welfare Commissions in place of the County Relief Committees. By this act the State Public Welfare Commission is authorized and empowered to pay the total cost of administration of the State Public Welfare Commission and the County Public Welfare Commissions from funds appropriated by the state of Oregon. This would not affect the present case, but it shows the policy of the state.

It is noted in section 4 of chapter 287, Oregon Laws, 1937, that relief and administration are segregated and mentioned separately, and it refers to the transfer of funds separate and distinct from general funds, designating that the public assistance fund is *to be used for relief under the provisions of this act and the adminis-*

*tration thereof.* So also in section 11 of chapter 288, Oregon Laws, 1937, which provides:

"Exclusive of all sums of money contributed by the government of the United States for aid to dependent children *and for the expenses of the administration of this act,* the state of Oregon shall contribute one-half, and the several counties of the state shall each contribute one-half of all sums required to be expended for such purposes *in and for such respective counties.* Each county in the state of Oregon shall levy and collect a tax each year upon all of the taxable property in said county sufficient in amount to defray the estimated cost of the contribution of such county for such purposes for the ensuing year." (Italics ours.)

It is believed that if the legislature had intended the counties should pay one-half of the expenses of administration of the act providing for direct relief, in section 3, chapter 287, Oregon Laws, 1937, it would have provided that the "counties shall pay not more than one-half of the total cost of relief, *including administration expenses* from county funds."

The members of the State Relief Committee are state officers. It is not appropriate to require counties to pay their expenses. It would be just as appropriate to require counties to pay a portion of the governor's salary or expenses.

The learned trial court, in construing these sections together, declared that the legislative policy is apparent, which contemplates the payment of the administrative expenses of the State Relief Committee out of the general appropriation for such committee and limits the contribution of the county for these various purposes to not more than one-half of the actual expenditures for such purposes within the county itself, and declared that the counties of the state of Oregon

are not required by law to contribute one-half of the administrative expenses of the State Relief Committee incurred in the administration of direct relief, under the provisions of chapter 55, Oregon Laws, Special Session, 1935, as amended by chapter 287, Oregon Laws, 1937.

We concur in this declaration and affirm the judgment of the lower court.

BELT, J., dissents.